**CAPITOL PACKING COMPANY,**
Defendant, Appellant,

v.

**CHICAGO DRESSED BEEF CO., Inc.,**
Plaintiff, Appellee.

No. 5394.

United States Court of Appeals
First Circuit.

Oct. 29, 1958.

Richard H. Gens, Boston, Mass., with whom Irving H. Sheff, Boston, Mass., was on brief, for appellant.

Harold Seder, Worcester, Mass., with whom John F. Buckley, Worcester, Mass., was on brief, for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

PER CURIAM.

The plaintiff-appellee, a Massachusetts corporation engaged in the business of selling meat at wholesale, brought suit in a court of the Commonwealth of Massachusetts from which the suit was removed to the court below, against the defendant-appellant, a Colorado corporation also engaged in the wholesale meat business, for breach of a contract to deliver six carloads of beef of the grade top good or better. The District Court after trial without a jury found that although the plaintiff ordered meat that was top good or better, it "received meat that was middling to top good, which was slightly below the requirements" of the customer to whom the plaintiff had sold the meat and caused the customer to reject the meat on delivery to its warehouse by the carrier. Upon the customer's re-

jection, plaintiff reshipped the six cars of meat to warehouses of its own where it processed the meat, mingled it with other meats already in its warehouse and eventually sold it. Finding it impossible, because the plaintiff made no count and kept no records, to determine just how much of the meat was of a grade below top good, the court fixed the plaintiff's damages at one cent per pound, that being the figure at which on disputed evidence the court found that the plaintiff's principal officer offered over the telephone to settle the matter with the principal officer of the defendant.

There can be no doubt that the meat delivered by the defendant was less valuable than the meat ordered and paid for by the plaintiff. Lack of records, however, made it impossible for the plaintiff definitely to show or for the court to find the exact amount of the difference between the value of the meat ordered by the plaintiff and the value of the meat delivered by the defendant. The testimony of two witnesses for the plaintiff (one of whom was its principal officer), however, would indicate that the fair market value of the highest quality meat in the shipment was at least two and one-half cents per pound less than the value of the meat which had been ordered. In this situation we see no error in the court's accepting the appraisal of the plaintiff's loss made by its principal officer immediately upon discovery of the breach of contract. Indeed, the damages fixed for the admitted breach of contract seem conservative.

It is conceded, however, that, probably by error in transcription, the court found that because of the breach of contract the plaintiff had incurred additional shipping expense of $790.46, whereas the evidence clearly showed that its shipping expense for reshipping the cars was actually $700.46. The amount of the judgment should be corrected to correspond with the evidence.

A judgment will be entered vacating the judgment of the District Court and remanding the case to that Court for the entry of a judgment for the plaintiff-appellee corrected in accordance with this opinion; the appellee recovers costs on appeal.